modified, and the order, are affirmed, without costs; we holding that the trial justice erred in receiving the said bill in evidence, for the reason that there was no proof that the charges therein were reasonable in amount. Jenks, P. J., and Thomas, Stapleton, Mills, and Putnam, JJ., concur.

L. MEISEL & COMPANY, Respt., v. NATIONAL JEWELERS' BOARD OF TRADE, Applt. (Supreme Court, Appellate Division, First Department. March 17, 1916.) Determination (90 Misc. Rep. 19, 152 N. Y. Supp. 913) affirmed, with costs. No opinion. Order filed.

Luke V. LOCKWOOD v. U. S. STEEL CORPORATION. (Supreme Court, Appellate Division, First Department. January 28, 1916.) Motion granted; question certified. Order filed.

Frances LOCOCO, Respondent, v. PITTSBURGH LIFE & TRUST COMPANY, Appellant. (Supreme Court, Appellate Division, Second Department. February 28, 1916.) Judgment and order affirmed, with costs, on the authority of Archer v. Equitable Life Assurance Society, 169 App. Div. 43, 154 N. Y. Supp. 519, and Mees v. Pittsburgh Life & Trust Co., 169 App. Div. 86, 154 N. Y. Supp. 660. Carr, Mills, Rich, and Putnam, JJ., concur. Jenks, P. J., dissents.

John T. LOEW, Applt., v. Albert D. GILLESPIE, Respt. (Supreme Court, Appellate Division, First Department. March 17, 1916.) Determination and judgment (90 Misc. Rep. 616, 153 N. Y. Supp. 830) affirmed, with costs, on opinion of Lehman, J. (Page, J., dissenting). Order filed.

Austin D. LORD et al. v. The CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. March 24, 1916.) Motion denied, with $10 costs. Order filed.

Edward LOVITT v. ILLINOIS SURETY CO. (Supreme Court, Appellate Division, First Department. January 28, 1916.) Application granted. Order signed.

LOWER BAY VIEW REALTY COMPANY, Appellant, v. Frank C. GOULDING, and Harriet Goulding, respondents. (Supreme Court, Appellate Division, Second Department. February 28, 1916.) Plaintiff's seventh request to find modified to read: Seventh. That thereafter the defendant Frank C. Goulding purchased from said John R. Watts a part of said premises bounded and described as follows: All those certain lots, pieces, or parcels of land situate, lying, and being in the Thirty-First ward of the borough of Brooklyn, county of Kings, city and state of New York, known and designated on a certain map entitled "Ocean Park" surveyed for the Lower Bay View Realty Company, March 10, 1909, by Charles S. Voorhies, C. E. and city surveyor, as and by the lots numbered 3, 4, 5 and 6, block 6913, which part of said premises were conveyed by said John R. Watts and Ida R. Watts, his wife, to said Frank C. Goulding, by deed of conveyance bearing date on the 7th day of September, 1910, and recorded in the office of the register of the county of Kings in section 21, Liber 3250 of Conveyances, at page 49, and indexed under block No. 6913 on the 8th day of September, 1910, subject to be released by payment of the sum of $400 per lot (or the sum of $1,600 for the four lots) upon said mortgage made by William H. Hilliard to the Harway Improvement Company to secure the payment of the sum of $41,716.56. As so modified, it is made a finding of this court, and the judgment is affirmed, with costs. Jenks, P. J., and Stapleton, Mills, Rich, and Putnam, JJ., concur.

George H. LUCKEY, respondent, v. ERIE RAILROAD COMPANY, Appellant. (Supreme Court, Appellate Division, Second Department. March 10, 1916.) Judgment and order reversed, and new trial granted, costs to abide the event, on the ground of error on the part of the trial court in refusing to charge as requested at folios 509 to 511. Jenks, P. J., and Carr and Rich, JJ., concur. Stapleton, J., concurs in the result, upon the ground that the plaintiff failed to establish negligence on the part of the defendant. Mills, J., not voting.

Bridget LYNCH, as Adm'x, v. BOARD OF EDUCATION. (Supreme Court, Appellate Division, First Department. February 25, 1916.) Motion denied, with $10 costs. Order filed.

Marie R. McCABE and others, respondents, v. CITY OF NEW YORK, Pennsylvania Tunnel & Terminal Railroad Company, and Long Island Railroad Company, appellants. (Supreme Court, Appellate Division, Second Department. January 28, 1916.) Finding of fact XXXI reversed, as being against the evidence, and in place thereof the following finding, here made, is substituted: That the said notice and advertisement published by the board of estimate and apportionment as aforesaid, constituted a sufficient compliance with the requirements of section 442 of the City Charter (Laws 1901, c. 466) as to such notice, and did, by a reference to the map therein recited, show sufficiently the proposed change of grade of Thomson avenue in front of plaintiffs' said premises, by the several grade lines in red figures upon said map, in said avenue, coupled with the explanatory notes upon such map. The judgment appealed from is modified, by reducing the damages allowed to the sum of $150 allowed for the actual encroachment upon plaintiffs' premises, and, as so modified, affirmed, without costs. This determination is made upon the ground that the decision of the Court of Appeals upon the former appeal by necessary implication held that, in order that the defendants justify their construction in said avenue, it was not necessary for the defendants to establish that permission or approval of the Board of Railroad Commissioners or of the Public Service Commission of and for the change of grade therein had been obtained, and upon the further ground that the findings, as above modified, and the evidence, establish that the city authorities, namely, the